UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>JOHN A. PAULSEN,<br><br>Defendant. | Civil Action No. 1:18-cv-6718 (PGG) |

## PROPOSED JOINT PRETRIAL ORDER

Pursuant to the Court's Individual Rules of Practice in Civil Cases, effective February 3, 2020, and the Court's Scheduling Orders, Plaintiff United States Securities and Exchange Commission ("SEC") and Defendant John A. Paulsen respectfully submit their proposed joint pretrial order.

**I.  Full Caption of the Action**

The full caption of the case is given above.

**II. Trial Counsel**

    A.    <u>Plaintiff SEC</u>

        Alyssa A. Qualls
        John E. Birkenheier
        Brian D. Fagel
        Eric A. Celauro
        United States Securities and Exchange Commission
        Chicago Regional Office
        175 West Jackson Blvd., Suite 1450
        Chicago, Illinois 60604
        (312) 353-7390
        (312) 353-7398 (facsimile)
        QuallsA@sec.gov
        BirkenheierJ@sec.gov

FagelB@sec.gov
CelauroE@sec.gov

B.     Defendant Paulsen

Eric M. Creizman
Armstrong Teasdale LLP
919 Third Avenue, Fl. 37
New York, New York 10022
O: (212) 209-4358
C: (917) 494-5881
ECreizman@atllp.com

### III.    Brief Statement as to the Basis of Subject Matter Jurisdiction

A.     Plaintiff SEC

Plaintiff brings this action pursuant to Section 20(d) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77t(d), and Section 21(d) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u(d).  This Court has jurisdiction to adjudicate Plaintiff's claims pursuant to Sections 20(d) and 22(a) of the Securities Act, 15 U.S.C. §§ 77t(d) and 77v(a), and Sections 20(d) and 27(a) of the Exchange Act, 15 U.S.C. §§ 78t(d) and 78aa(a).  Defendant stipulated to the jurisdiction of this Court over the action and to venue.  (Answer ¶ 11, filed March 6, 2019 (ECF 50).)

B.     Defendant Paulsen

Defendant Paulsen does not dispute that subject matter jurisdiction exists in this case.

### IV.    Brief Summary of Claims and Defenses to Be Tried

A.     Plaintiff SEC

Paulsen has been charged with four counts of aiding and abetting Kang and Kelley's fraudulent scheme in violation of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), and Rule 10b-5 thereunder, and Sections 17(a)(1) and 17(a)(3) of the Securities Act of 1933 ("Securities Act").  In Counts Two and Four, the SEC alleges that

Deborah Kelley and Navnoor Kang, in connection with the purchase or sale of securities, by use of the means or instrumentalities of interstate commerce or the mails, directly or indirectly, acting intentionally, knowingly, or recklessly: (a) used or employed devices, schemes, or artifices to defraud; and/or (b) engaged in acts, practices, or courses of business which operated or would operate as a fraud and deceit upon other persons, including current and prospective purchasers of securities.  Specifically, Kang violated the antifraud provisions of the federal securities laws by directing New York State Common Retirement Fund ("Fund") business to Kelley in exchange for gifts and entertainment, while failing to disclose his receipt of those improper benefits to the Fund.  For her part, Kelley violated these antifraud provisions by providing the undisclosed benefits to Kang as part of the fraudulent scheme with Kang. Defendant Paulsen knowingly or recklessly provided substantial assistance to Kelley and Kang in their violation of Sections 10(b) of the Exchange Act and Rule 10b-5 thereunder by participating in the entertainment of Kang, then hiding his and Kelley's provision of benefits to Kang by submitting false expense reports, and lying to the internal investigators. Paulsen also facilitated Kang's and Kelley's fraudulent scheme by allowing it to go undetected by the Broker-Dealer and the Fund.  By engaging in the conduct described above, Defendant Paulsen aided and abetted violations of Section 10(b) of the Exchange Act, and Rule 10b-5 thereunder.

      In Counts One and Three, the SEC that Deborah Kelley and Navnoor Kang, in the offer or sale of securities, by use of the means or instruments of transportation or communication in interstate commerce or by the use of the mails, directly or indirectly, acting intentionally, knowingly, recklessly, or negligently: (a) employed devices, schemes, or artifices to defraud; and/or (b) engaged in transactions, practices, or courses of business which operated or would operate as a fraud or deceit upon purchasers of securities.  Defendant Paulsen knowingly or

recklessly provided substantial assistance to Kelley and Kang in their violation of Sections 17(a)(1) and 17(a)(3) of the Securities Act. By engaging in the conduct described above, Defendant Paulsen aided and abetted violations of Sections 17(a)(1) and 17(a)(3) of the Securities Act.

      B.      Defendant Paulsen

John Paulsen is not liable for aiding and abetting Deborah Kelley's and Navnoor Kang's respective alleged violations of Sections 17(a)(1) and 17(a)(3) of the Securities Act, or for aiding and abetting Kelley and Kang's respective alleged violations of Sections 10(b) of the Exchange Act and Rule 10b-5(a) and (c) thereunder.

According to Plaintiff, Paulsen aided and abetted Kang and Kelley's scheme by participating in one instance of entertainment that Kelley provided to Kang, and then concealed Kang's receipt of that entertainment by submitting a false expense report to Sterne Agee and—while no longer employed by Sterne Agee—lying to outside counsel retained by Sterne Agee to conduct an internal investigation into Kelley's provision of entertainment to Kang.

Plaintiff cannot satisfy its burden of proving all of the following necessary elements of its aiding and abetting claims: (i) the existence of Kang and Kelley's illicit *quid pro quo* scheme; (ii) that Paulsen had knowledge of that scheme; <u>and</u> (iii) that Paulsen knowingly or recklessly associated himself with that scheme and sought by his actions to make it succeed. As an initial matter, it is unclear whether Kang directed Fund trading business to Sterne Agee *in exchange* for Kelley's provision of undisclosed gifts and entertainment, or that Kelley provided Kang with undisclosed gifts and entertainment *in exchange* for Kang directing Fund business to Sterne Agee. Regardless, Paulsen did not aid and abet any such scheme because he did not even suspect, let alone know that Kang and Kelley were engaged in an illegal *quid pro quo* arrangement.

Furthermore, by falsifying his expense reports, Paulsen did not seek to further what he perceived were Kang and Kelley's objectives so much as his own self-interest in being promptly reimbursed for his out-of-pocket expenses.  And in lying to Sterne Agee's internal investigators while working for another employer, Paulsen did not seek to perpetuate a "pay-to-play" scheme that would benefit only Kang, Kelley, and Sterne Agee.  Rather, Paulsen, at Kelley's request, misguidedly attempted to protect Kelley and Kang from discipline by their respective employers for violating their employers' internal rules and policies concerning client entertainment.

**V.     Statement Listing Each Element or Category of Damages Sought**

Plaintiff does not seek "damages."  Rather, Plaintiff seeks disgorgement of any ill-gotten gains derived by Defendant from the conduct alleged in the Complaint, plus prejudgment interest on those amounts.  Plaintiff also seeks civil penalties pursuant to Section 20(d) of the Securities Act and Section 21(d)(3) of the Exchange Act, and injunctive relief against further violations by Defendant of any of the provisions of the Securities Act or the Exchange Act charged.

**VI.    Statement by Each Party as to Whether the Case Is to Be Tried to a Jury**

A.     <u>Plaintiff SEC</u>:  Plaintiff has agreed to waive its right to a jury and proceed with a bench trial.  Plaintiff anticipates that it will need the equivalent of three trial days for the presentation of its case in chief.

B.     <u>Defendant Paulsen</u>:  Defendant has agreed to waive his right to a jury and proceed with a bench trial.  Defendant anticipates that three trial days will be needed.

**VII.   Statement as to Whether All Parties Consent to Trial by Magistrate Judge**

The parties do not consent to trial of the case by a magistrate judge.

**VIII.  Stipulations or Agreed Statements of Fact or Law**

The parties have agreed to a Stipulation of Fact, which appended hereto as Exhibit A.

**IX.	Witness Lists**

  A.	<u>Plaintiff SEC</u>:  Appended hereto as Exhibit B is Plaintiff's list of witnesses it plans to call at trial, via declaration, or may call at trial if the need arises.

  B.	<u>Defendant Paulsen</u>:  Appended hereto as Exhibit C is Defendant's list of witnesses it plans to call at trial.

**X.	Deposition Designations and Cross Designations**

  A.	<u>Plaintiff SEC</u>:  In addition to the witness testimony provided by declaration, Plaintiff has designated deposition testimony as reflected on Exhibit D, with Defendant's objections thereto.

  B.	<u>Defendant Paulsen</u>:  Appended hereto as Exhibit E is Defendant's Deposition Designations with Plaintiff's objections thereto.

**XI.	Exhibit List and Objections**

  A.	<u>Plaintiff SEC's Exhibit List</u>:  Appended hereto as Exhibit F is Plaintiff's Exhibit List with Defendant's Objections.

  B.	<u>Defendant Paulsen's Exhibit List</u>:  Appended hereto as Exhibit G is Defendant's Exhibit List.

June 30, 2020                                                                                  Respectfully submitted,

**UNITED STATES SECURITIES AND
EXCHANGE COMMISSION**

|  /s/ *Alyssa A. Qualls*  |  /s/ Eric M. Creizman  |
|---|---|

Alyssa A. Qualls (AQ4247)                                    Eric M. Creizman (EC7684)
John E. Birkenheier, Illinois Bar No. 6270993      Armstrong Teasdale LLP
Brian D. Fagel, Illinois Bar No. 6224886             919 Third Avenue, Floor 37
Eric A. Celauro, Illinois Bar No. 6274684           New York, New York 10022
United States Securities and Exchange Commission   (212) 209-4358
Chicago Regional Office                                        ECreizman@atllp.com
175 West Jackson Blvd., Suite 1450                    *Attorneys for Defendant Paulsen*
Chicago, Illinois 60604
(312) 353-7390
(312) 353-7398 (facsimile)
QuallsA@sec.gov
BirkenheierJ@sec.gov
FagelB@sec.gov
CelauroE@sec.gov
*Attorneys for Plaintiff*