Eric M. Creizman

Direct **T** 212.209.4358   **F** 212.409.8385

ECreizman@atllp.com

July 16, 2020

*By ECF and Email*

The Honorable Paul G. Gardephe
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

  Re: *SEC v. John A. Paulsen*, 18-CV-6718 (PGG) (SDNY)

Dear Judge Gardephe:

  I respectfully submit this letter in support of John Paulsen's motion in limine to permit defense counsel to cross-examine Donald Jones concerning the statement in his declaration that "[w]hile I worked at Sterne, I knew that I was not permitted to entertain public employees." Decl. of Donald George Jones, dated June 26, 2020 ¶ 7.

  The SEC has objected to the introduction of evidence that other employees, and even supervisors of the Sterne Agee Investment Grade trading desk believed there was nothing wrong with attending the Park City ski trip. The Court sustained the SEC's objection to the extent that Paulsen seeks to admit that evidence as evidence of his own lack of *scienter*. Although I accept the Court's ruling in that regard, I respectfully submit that the Court should allow the admission evidence that a Sterne Agee employee would believe that if a supervisor approved certain entertainment, such approval would operate as an exception to the Sterne Agee policy that the entertainment restrictions of clients should be honored.

  Here, during his deposition in this case, Mr. Jones testified that when he learned that Mr. Paulsen had attended the ski trip, he was a "bit jealous" that he was not invited to attend the trip. (9/23/2019 Tr. D. Jones Dep., Pl. Ex. 23 at 19:24-21:13). In addition, Mr. Jones testified that he complained to his supervisor Scott Shiffman that he had not been invited on the Park City ski trip. (*Id.* at 27:25-29:11). Furthermore, Mr. Jones testified that he believed that had he been

Hon. Paul G. Gardephe
July 16, 2020
Page 2

invited, he would have felt comfortable attending the ski trip if he had believed it was approved by his supervisors.  (*Id.* at 83:18-84:6).

The SEC should not have it both ways by introducing evidence that other Sterne Agee employees knew that Sterne Agee policy did not permit the entertainment of employees of the Common Retirement Fund (since the Common Retirement Fund did not permit its employees to accept such entertainment), while precluding evidence that those same employees would have felt comfortable participating in such entertainment—notwithstanding Sterne Agee policy—if a supervisor approved it.

Respectfully submitted,

/s/ Eric M. Creizman
Eric M. Creizman

cc: Alyssa Qualls, Esq., John Birkenheier, Esq., Brian Fagel, Esq., Eric Celauro, Esq. (by ECF and email).